IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 26-cv-03873-PAB

ALEXANDER GUDIEL SIS POP,

Petitioner,

v.

JUAN BALTAZAR, Denver Contract Detention Facility Warden,
GEOERGE VALDEZ, Denver Field Office Director, Immigration and Customs Enforcement,
DAVID VENTURELLA, Director of U.S. Immigration and Customs Enforcement,
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, and
TODD BLANCHE, Attorney General of the United States,

Respondents.

---

**ORDER**

---

This matter comes before the Court on petitioner Alexander Gudiel Sis Pop's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1]. Respondents filed a response, but did not contest the allegations in the petition. Docket No. 10.

## I. BACKGROUND

Petitioner is a native of Guatemala and subject to an order of removal from 2020. Docket No. 1 at 2, 9. Petitioner does not expressly state that he was granted parole, but asserts that he has been living freely in the United States since 2020. *Id.* at 3. Petitioner is a derivative applicant on his wife's pending application for asylum and

withholding of removal. *Id.* at 2; *see also id.* at 7-8 (notice of receipt of 7/7/2023 Application of Asylum and Withholding of Removal for Jocelyn Gonzalez-Suchite listing Petitioner). On August 24, 2026, petitioner filed a habeas petition, bringing claims (1) for violation of the Immigration and Nationality Act and the Fifth Amendment; and (2) for violation of his Fifth Amendment substantive and procedural due process rights. *Id.* at 2-3. At the time he filed his petition, petitioner had been detained for over a month without a bond hearing or any other removal proceedings. *Id.* at 2.

## II. ANALYSIS

The Court considers petitioner's due process claim. *See* Docket No. 1 at 3. Pursuant to *Mathews v. Eldridge,* 424 U.S. 319, 335 (1976), a court considers the following in weighing a due process claim:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail.

Given that a "person's physical freedom is the most elemental of liberty interests," *see Granillo Chavarria v. Baltazar,* 824 F. Supp. 3d 1170, 1174 (D. Colo. 2026) (internal quotation and citation omitted), the first factor weighs in favor of petitioner.

Relevant to the second factor is the fact that it appears petitioner was previously released on parole. In releasing petitioner on parole, the respondents necessarily determined that petitioner was not a danger to the community or a flight risk. *See Ekenge v. Baltazar,* 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026).

Respondents do not provide any indication as to why petitioner's parole was revoked. Here – where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk – there is a significant risk of the erroneous deprivation of petitioner's liberty interest. *See Ekenge,* 2026 WL 617341, at *5 (finding that the "risk of erroneous deprivation is also considerable" where "[i]t appears to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Perez-Cifuentes v. Warden, Denver Contract Detention Center Denver Field Office Director,* No. 26-cv-02371-NRN, 2026 WL 1733489, at *3 (D. Colo. June 16, 2026) (finding that "the risk of erroneous deprivation is considerable" where petitioner was previously released on his own recognizance and respondents "do not contest, that at the time of his detention, there had not been a material change in circumstances") (alteration, internal quotation, and citation omitted); *Uzcategui v. Brooksby,* 2026 WL 622751, at *11 (D. Utah Mar. 5, 2026) (finding that the second *Mathews* factor weighs in favor of petitioner because "civil immigration detention, which is 'nonpunitive in purpose and effect' is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community," "Federal Respondents do not contend that [petitioner] is or was a flight risk or a danger to the community," and petitioner was previously released on parole) (citing *Zadvydas v. Davis,* 533 U.S. 678, 690 (2001)). "A re-detention, without any individualized assessment, leads to a high risk of erroneous deprivation of an individual's liberty interest." *Orellana v. Noem,* 807 F. Supp. 3d 745, 754 (W.D. Ky. 2025). Thus, the Court finds that the second *Mathews* factor weighs in favor of petitioner.

Regarding the third factor, "the government clearly has an interest in enforcing immigration laws, but [the government's] interest in detaining petitioner without a warrant, notice to appear, or any justifiable reasonable explanation for [his] detention is low." *See Uzcategui,* 2026 WL 622751, at *11 (internal quotation and citation omitted); *cf. L.G. v. Choate,* 744 F. Supp. 3d 1172, 1185 (D. Colo. 2024) ("It would stand to reason if a noncitizen was neither a flight risk nor dangerous, there would be no government or public interest in detention."). Furthermore, the Court finds that the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies petitioner's re-detention is low when compared to petitioner's interest in being free from the erroneous deprivation of his liberty. *See Ekenge,* 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of erroneous deprivation of the liberty interest at issue.") (alterations and citation omitted). Accordingly, the third *Mathews* factor weighs in favor of petitioner.

Pursuant to *Mathews,* the Court finds that petitioner's due process rights were violated. Respondents provide no argument to the contrary. They also do not contend that petitioner is a flight risk or danger to the community or provide a reason for the termination of petitioner's parole. Respondents "submit that if the Court does grant the Petition, the appropriate relief would be an order directing Petitioner's release on conditions to be set by the Department of Homeland Security." Docket No. 10 at 2. Thus, the Court will grant the habeas petition on the basis of Claim 2 and order petitioner's immediate release. *See Perez-Cifuentes,* 2026 WL 1733489, at *3 ("As to the appropriate remedy, the Court finds that Petitioner is entitled to immediate release.

Petitioner was released from the custody of the [Office of Refugee Resettlement] in 2021 and he has since remained at liberty relying on that determination.") (internal quotations and citation omitted); *Ekenge,* 2026 WL 617341, at *7 ("other courts have found that . . . releasing a petitioner immediately remains the appropriate approach, at least where no evidence has been provided that the petitioner violated the conditions of his release pursuant to an OREC or similar status, [or] where little or no evidence has been provided in support of respondents' claims as to what the petitioner's conditions of release are"); *Murzi v. Noem,* No. 26-cv-00359-CNS, 2026 WL 395111, at *2 (D. Colo. Feb. 12, 2026) ("Immediate release is the appropriate remedy. To be released on conditional parole/ own recognizance, there must be a finding that the immigrant does not pose a risk of flight or danger to the community and Respondents do not otherwise argue that Petitioner poses such risk or danger.") (internal quotation and citation omitted); *Sidqui v. Almodovar,* 823 F. Supp. 3d 364, 396 (S.D.N.Y. 2026) ("in light of the Government's failure to provide Petitioner any individualized process either prior to or contemporaneous with the deprivation of his liberty, which was formerly granted by the Government, and the Government's inability to point to any evidence of risk of flight or danger," finding that petitioner's immediate release is the appropriate remedy).

## III. CONCLUSION

Therefore, it is

**ORDERED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Docket No. 1] is **GRANTED.** It is further

**ORDERED** that respondents shall release petitioner Alexander Gudiel Sis Pop within **48 hours**. It is further

**ORDERED** that the parties shall file a status report within **4 days** of petitioner's release.

DATED September 9, 2026.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge